**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PLUMBERS LOCAL NO. 24 PENSION FUND, *et al.*,     : : : | |
| Plaintiffs,     : : | Civil Action No. 20-15492 (FLW) |
| v.     : : | **ORDER and JUDGMENT** |
| GRACE PLUMBING & HEATING, LLC     : : | |
| Defendant.     : : | |

**THIS MATTER** having been opened to the Court by Michael T. Scaraggi, Esq., counsel for Plaintiffs Plumbers Local No. 24 Pension Fund; Plumbers Local No. 24 Welfare Fund; Plumbers Local No. 24 Education Fund; Plumbers Local No. 24; and Patrick Kelleher, as trustee of the funds ("Plaintiffs"), on a motion for default judgment against Defendant Grace Plumbing & Heating, LLC ("Defendant"), pursuant to Fed. R. Civ. P. 55(b); it appearing that Defendant failed to answer or otherwise respond to the Complaint after having been properly served, and consequently, default was entered against Defendant by the Clerk's Office on December 14, 2020, and on January 5, 2021, Plaintiffs filed the instant motion for default judgment; it further appearing that Defendant, having been served with the instant motion, has not opposed the motion or otherwise responded to this lawsuit; the Court, having reviewed Plaintiff's sub,issions, makes the following findings:

(1)      In order to obtain a default judgment, pursuant to Federal Rule of Civil Procedure 55(b), a plaintiff must first secure an entry of default from the clerk of the court under Rule 55(a). *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015). Once the clerk has entered default, the non-defaulting party may move for default judgment pursuant

1

to Rule 55(b)(2), "depending on whether the claim is for a sum certain." *Id.* The Third Circuit has explained that while the entry of default judgment "is largely within a district court's discretion, three factors control this determination: '(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct.'" *Id.* (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)). In considering a motion for a default judgment, courts "accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d Cir. 2017).

(2)     Here, all factors weigh in favor of granting default judgment against Defendant. First, Plaintiff has been prejudiced because Defendant failed to timely respond to the Complaint and Summons. *See Peterson v. Boyarsky Corp.*, No. 08–1789, 2009 WL 983123, *4 (D.N.J. Apr. 8, 2009) ("Plaintiffs will be prejudiced if no default judgment is entered, because they have no other means of vindicating their claim against [defendant].").  Second, the facts alleged in the Amended Complaint provide no indication of a meritorious defense.  "Indeed, as some courts have noted, the [d]efendant's failure to answer makes it practically impossible for the Court 'to determine whether [the Defendant has] a meritorious defense…..'" *GP Acoustics, Inc. v. Brandnamez, LLC*, No. 10-539 FLW, 2010 WL 3271726, at *4 (D.N.J. Aug. 17, 2010) (citation omitted).  Third, a "[d]efendant is also presumed culpable where it has failed to answer, move, or otherwise respond." *Slover v. Live Universe, Inc*., No. 08–02645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) (citation omitted).  Here, since

2

Defendant has not timely responded to any of the pleadings over the course of the litigation, the presumption of culpability applies. *See Manin v. Gallagher*, No. 11-1261, 2012 WL 814367, at *3 (D.N.J. Mar. 9, 2012).

(3)    Further, an entry of default judgment is appropriate because Plaintiff's allegations in the Complaint, taken as true, state a cause of action for breach of a collective bargaining agreement ("CBA") and failure to make required contributions under the Employee Retirement income Security Act ("ERISA"). Plaintiffs are multi-employee pension and welfare plans, the trustee of the plans, and a labor organization. *See* ECF No. 1, Compl., ¶5. Defendant is a party to a CBA with Plaintiffs, and agreed, among other things, to make contributions Plaintiffs as required by the CBA, and Defendant has allegedly refused to pay its contributions to the Funds for the period January 1, 2017 through September 30, 2020. *Id*. at ¶17-19. An audit of Defendant's employment and payroll records revealed that the amount due for the period from January 1, 2017 to December 31, 2018 is $19,774.08, and the amount due from January 2019 through September 30, 2020 is $135,712.00. *Id*. at ¶18.

(4)    To establish a claim for breach of contract under New Jersey law, a plaintiff must allege that (1) there is a contract between the parties; (2) the contract was breached; (3) the breach caused damages; and (4) the party stating the claim performed its own contractual obligations. *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Taking Plaintiffs' allegations as true, they have fully performed its obligations, and Defendant has failed to fulfill the obligations under the CBA.

(5)    Moreover, ERISA provides that an employer obligated to make contributions to a multi-employer plan under the terms of a CBA must make those contributions in

accordance with the terms and conditions of the agreement. 29 U.S.C. § 1145. A plan fiduciary is permitted to sue an employer who fails to make such required contributions. 29 U.S.C. § 1132(a).  If judgment in favor of the plan is awarded, the court must award the plan:, "(A) the unpaid contributions (B) interest on the unpaid contributions,(C) an amount to the greater of— (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and (E) such other legal or equitable relief as the court deems appropriate.   Interest is determined using the rate provided for by the plan, or if none, a statutory rate." *Id.*

(6)     Here, Plaintiff claims that after accounting for "all payments, counterclaims, and set off, and there now remains due and owing from said Defendant to the Plaintiffs the principal amount due of $155,486.08; $31,097.22 in liquidated damages; $27,210.06 in interest; $1,345.00 audit fee plus attorney's fees and costs in the amount of $40,691.52."[1] ECF No. 4-1, Affidavit of Patrick Kelleher, ¶7. These sum-certain totals are supported by an affidavit from the trustee of the Funds in support of the motion for default.  Accordingly, the Court finds it appropriate to award Plaintiff the requested amount of $255,829.88 and default judgment is entered against Defendant in that amount.

---

[1]     Plaintiffs' affidavit and draft order indicate that Defendant owes a total amount due of $254,484.88; however, this is seemingly erroneous as the requested amount total $255,829.88. Accordingly, the Court enters judgment in the amount of $255,829.88

Accordingly, the Court having reviewed Plaintiffs' submissions in connection with the pending motion, pursuant to Fed. R. Civ. P. 78, for the reasons set forth herein, and for good cause shown,

**IT IS** on this 21st day of April, 2021,

**ORDERED** that Plaintiffs' motion for default judgment is **GRANTED**; and it is further

**ORDERED** that an amount of $254,484.88 is awarded to Plaintiff.

/s/  Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge